USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----

UNITED STATES,

               Plaintiff,

   - against -

JAMIE VENDIVEL,

               Defendant.

----

03 Cr. 1305 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The Court currently has before it the defendant's pending motion for resentencing pursuant to 18 U.S.C. § 3582. Section 3582(c)(2) of Title 18 provides that a defendant may move for resentencing when he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." In this case, it does not appear that the defendant argues that his sentence should be lowered because of a change in the Sentencing Guidelines issued by the Sentencing Commission, but rather that the calculation of his sentence under the criminal statute may have been affected by United States v. Whitley, 529 F.3d 150, 153 (2d Cir. 2008).

To the extent the defendant seeks to challenge the imposition of the statutory sentence imposed, such a challenge can only be made in a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. However, under Adams v.

United States, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam), this Court cannot recharacterize the defendant's motion into a § 2255 motion on its own, in light of the prohibition on second or successive § 2255 motions. 28 U.S.C. §§ 2244, 2255 (2008). Therefore, to the extent the defendant does wish to make a motion under § 2255 to challenge the imposition of his sentence, he must submit an amended motion to vacate, set aside, or correct his sentence under § 2255 to the Court's Pro Se Office by **December 4, 2009**. If the defendant does not wish to do so, his current motion for resentencing pursuant to 18 U.S.C. § 3582 will be considered.

In addition, should the defendant submit an amended § 2255 motion, he may wish to include facts in his amended motion demonstrating why his motion is a timely § 2255 motion. It appears that the one-year statute of limitations on § 2255 motions, calculated from the date on which the defendant's conviction became final, has expired in this case. See Antiterrorism and Effective Death Penalty Act of 1996 § 105, 28 U.S.C. § 2255 (2008). However, the defendant may be able to include in his amended motion facts that would demonstrate that (1) "extraordinary circumstances prevented him from filing [his initial motion] on time" and that (2) he "acted with reasonable diligence throughout the period he seeks to toll." Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003). The Court

2

expresses no view on the timeliness or merits of any motion pursuant to 28 U.S.C. § 2255.

The Court previously had ordered the Government to respond to the defendant's motion for resentencing by October 2, 2009. The Government's time to respond is extended to **January 8, 2010**, or **thirty days** after the defendant submits a § 2255 motion or indicates he does not intend to do so, whichever is earlier.

**SO ORDERED.**

Dated:   New York, New York
         September 21, 2009

_____
John G. Koeltl
United States District Judge