**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————

**UNITED STATES OF AMERICA,**

       - against -                          03 Cr. 1305 (JGK)

**JAMIE VENDIVEL,**                           **MEMORANDUM OPINION AND**
                                                    **ORDER**
                **Defendant.**

————————————————————

**JOHN G. KOELTL, District Judge:**

     The pro se defendant moves pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his sentence in light of Amendment 782 to the United States Sentencing Guidelines, which generally reduced the offense levels for controlled substance offenses by two levels.

     In this case, in the Judgment dated December 7, 2005, the Court imposed a sentence principally of 220 months imprisonment. This consisted of a sentence of 160 months imprisonment on Count I which charged a violation of 21 U.S.C. § 846, a controlled substance offense, to be followed by a sentence of 60 months on Count II, which charged a firearms offense in violation of 18 U.S.C. § 924(c)(1)(A)(I). The Court concluded that the defendant's offense level was 35, his Criminal History Category was V, and the defendant's Guidelines Sentencing Range was 262 months to 327 months, to be followed by the mandatory minimum

consecutive sentence of 60 months on Count II.  After a two-level reduction, the defendant's new offense level would be 33, which, at Criminal History Category V, results in an amended Guidelines Range of 210 to 262 months, to be followed by the mandatory consecutive sentence of 60 months on Count II, or a minimum total sentence of 270 months imprisonment.  Because the Court imposed a sentence that is below the minimum Guideline of the amended Guidelines Range, and because the Court's initial variance was not based on the defendant's substantial assistance to the Government, the defendant is not eligible for a reduction in sentence.  See U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range."); Dillon v. United States, 560 U.S. 817, 822 (2010); see also United States v. Karkenny, No. 06cr143, 2015 WL 161616, at *1 (S.D.N.Y. Jan. 13, 2015).

The defendant's motion for a reduction of his sentence is therefore **denied.**

**SO ORDERED.**

**Dated:    New York, New York**
**         May 27, 2015**                  _____/s/_____
                                            **John G. Koeltl**
                                            **United States District Judge**