UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

JAMIE VENDIVEL,

Defendant.

03 Cr. 1305 (JGK)

MEMORANDUM OPINION AND ORDER

---

JOHN G. KOELTL, District Judge:

The defendant, Jamie Vendivel, has moved pursuant to 18 U.S.C. § 3582(c)(1)(A) for compassionate release. Mr. Vendivel pleaded guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). At the time of sentencing, the mandatory minimum sentence for the violation of Section 846 was ten years, and the mandatory minimum consecutive sentence for the violation of the firearms offense was a consecutive sentence of five years. At the sentencing hearing on December 1, 2005, the Court determined that the defendant's offense level was 35, his criminal history category was 5, and his guideline sentencing range was 322 months to 387 months. Nevertheless, the Court downwardly varied from the guideline sentencing range to a sentence consisting principally of 220 months imprisonment to be followed by a 5-year term of supervised release. The Court recognized the seriousness of the

1

offense but also noted that the criminal history was somewhat overstated because the defendant had never spent more than 16 months in prison for any prior offense. The Government advises that the defendant is scheduled to be released on August 10, 2022 with home detention eligibility on February 10, 2022.

Section 3582(c)(1)(A) provides that a district court may reduce a sentence after considering the factors set forth in Section 3553(a), to the extent they are applicable, provided that the defendant has exhausted administrative remedies and has demonstrated an "extraordinary and compelling reason" that justifies the sentence reduction. See 18 U.S.C. § 3582(c)(1)(A). The factors in Section 3553(a) are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the appropriate purposes of punishment, (3) the kinds of sentences available; (4) the sentencing guidelines range; (5) any policy statement by the sentencing commission; (6) avoiding disparate sentences among similarly situated defendants; and (7) the need to provide restitution. 18 U.S.C. § 3553(a).

The Court of Appeals for the Second Circuit recently has made it clear that a district court has broad discretion in determining whether a defendant has shown an extraordinary and compelling reason for a sentence reduction. See United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory

2

limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" Id. at 237-38 (quoting 28 U.S.C. § 994(t)).

The defendant has argued that he should be afforded compassionate release because of a series of medical conditions that make him more susceptible to contracting Covid-19 and to suffering serious consequences from that disease. He points specifically to his borderline obesity, hypertension, pre-diabetes, hepatitis-C, and chronic osteomyelitis. He also pointed to a high rate of Covid-19 infections at the Federal Medical Center, Devens ("FMC Devens") where he was incarcerated, although he has since been relocated to the Metropolitan Detention Center, Brooklyn. The defendant also asserts that he has shown substantial rehabilitation because he has taken numerous courses in the Bureau of Prisons (the "BOP") and has been consistently employed at the BOP.

The defendant submitted two requests to the Warden of FMC Devens for compassionate release, but those requests went unanswered. The Government contends that the defendant has failed to exhaust his remedies on the grounds of borderline obesity and rehabilitation by failing to seek compassionate release on those grounds. The defendant fairly responds that the Government is construing the exhaustion requirement

3

excessively narrowly, particularly in view of the fact that the Government missed the original deadline to respond to the application for compassionate release when appointed counsel could have submitted an expanded application to the Bureau of Prison and obviated the objection. In any event, it is unnecessary to decide this issue because it is clear that the defendant has failed to show that he should be afforded compassionate release.

The Government concedes that the defendant's various medical conditions constitute extraordinary and compelling reasons that could satisfy the requirement for compassionate release. However, the Government argues that the defendant has failed to show that the factors in 18 U.S.C. § 3553(a) weigh in favor of the defendant's release. At sentencing, the Court carefully considered Section 3553(a) and concluded that a sentence that was substantially less than the guideline sentencing range was sufficient but no greater than necessary to satisfy the sentencing factors in Section 3553(a)(2). Those factors continue to support the sentence that was imposed by the Court, namely a sentence substantially below the guideline sentencing range, but sufficient to reflect the seriousness of the offense and the need for deterrence. The amount of drugs involved in the offense was substantial, the possession of a firearm underlined the dangerousness of the offense conduct, and

the defendant had a substantial criminal history category although this was mitigated by the actual prison time the defendant had served for those prior offenses.

The defendant's subsequent conduct in prison has not allayed the Court's concerns. While it is true that the defendant has taken numerous courses in prison and has been consistently employed, it is also true that the defendant has committed numerous infractions while incarcerated. Indeed, the records submitted in connection with the present motion show over 20 disciplinary infractions – about one a year – with the most recent incident occurring in November 2019. While some of these incidents appear more minor, others involved possession of drugs or other contraband and the possession of weapons. The defendant has failed to show that the Section 3553(a) factors weigh in favor of immediate release rather than the additional time provided in the Court's original sentence.

If any of the defendant's physical conditions worsen, the defendant can of course renew his application for compassionate release to the BOP and then to the Court if necessary.

The applicant for compassionate release is **denied**.

**SO ORDERED.**

Dated:   New York, New York
         May 7, 2021

_____
John G. Koeltl
United States District Judge